UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 13-CR-241 (RHK/TNL)

UNITED STATES OF AMERICA,

        Plaintiff,                     OPINION MEMORANDUM AND ORDER ON MOTION MADE PURSUANT TO 18 U.S.C. §§ 3582(c)(2) and 3563(b)

JULIA RENE AYERS,

        Defendant.

This matter is before the Court on Defendant's August 20, 2015, Motion for Modification or Reduction of Sentence Under 18 U.S.C. §§ 3582 (c)(2) and 3563(b). (ECF No. 59). Defendant's motion will be DENIED, for the reasons discussed below.

I.      RELEVANT PROCEDURAL AND FACTUAL HISTORY

On October 8, 2013, Defendant Julie Rene Ayers ("defendant" or "Ayers") was named in a one-count Indictment charging her with possession with intent to distribute 50 grams or more of methamphetamine on or about July 30, 2013, in violation of 21 U.S.C. Sections 841(a)(1) and (b)(1)(B). (DCD No. 1, Indictment).[1] Pursuant to a plea agreement, on February 26, 2014, Defendant appeared with her counsel and pled guilty to the sole count alleged against her. DCD 38 (Plea Agreement). In consideration for her plea, the Government agreed not to charge her in a related drug conspiracy, or file an Information to enhance her sentence pursuant to 21 U.S.C. § 851. Id. at ¶ 1. At the time of her plea, Defendant acknowledged that she faced a mandatory minimum term of five years imprisonment, a maximum of 40 years and a supervised release term of at least 4

---

[1] Citations to the District Court Docket are designated as "DCD."

years.  Id. at ¶ 4.  She also understood that if she were to violate any condition of supervised release, she could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.  Id. at ¶ 5.  The parties acknowledged the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulated to the following guideline calculations: adjusted offense level of 29 (32 less 3 levels for acceptance of responsibility,) criminal history category VI, and a Guidelines range of 151 to 188 months imprisonment.  Id. at ¶ 6.g

A Presentence Investigation Report ("PSR") was prepared.  The sentencing guideline range contained within the PSR differed from that which was contemplated by the plea agreement:  total offense level of 29, criminal history category V, and guideline imprisonment range of 140 to 175 months.  PSR ¶ 86.  The PSR reported the statutory provisions for supervised release require that the Court must impose a term of at least 4 years.  21 U.S.C. § 841(b)(1)(B).  PSR ¶ 88.  The Guideline Provisions specified a term of supervised release not less than that directed by statute.  U.S.S.G. § 5D1.2(c).  PSR ¶ 89.

A sentencing hearing was held on March 23, 2015.  The Court adopted the PSR without change.  DCD 56.  The Court adopted and applied the latest Guideline amendment providing for a two-level reduction to the Drug Quantity Table.  Id.  The Court's determination provided an advisory Guideline range of:  total offense level 27, criminal history category V, and a guideline imprisonment range of 120 to 150 months.  Id.  The Court sentenced Defendant to 67 months imprisonment and 5 years Supervised

Release.  DCD 55.  Defendant did not file a direct appeal from her conviction or sentence.

On August 20, 2015, Defendant filed a Pro Se Motion to Reduce Sentence and Modify Supervised Release term under 18 U.S.C. § 3582(c)(2) and 18 U.S.C. § 3563(b). DCD 59. The government responded to defendant's sentence reduction motion on January 25, 2016. In summary, the government argued that defendant's motion should be denied because 1) defendant failed to demonstrate why the supervised release term of 5 years was unreasonable, and 2) defendant's motion, which is tied entirely to considerations of supervised release, is premature and therefore untimely. The Court agrees that defendant's motion should be dismissed.

II.    DISCUSSION

A.  Standard of Review and Legal Framework

Title 18, United States Code, Section 3583, is the general section instructing district courts on the considerations of supervised release.  The court must order a term of supervised release if required by statute.  18 U.S.C. § 3583(a).  The authorized term of supervised release for a Class A or Class B felony is not more than five years.  18 U.S.C. § 3583(b)(1).  Defendant's offense of conviction, 21 U.S.C. § 841(b)(1)(B) provides:

> [n]otwithstanding section 3583 of Title 18, any sentence imposed under this subparagraph shall, in the absence of such a prior conviction, include a term of supervised release of at least 4 years…

Furthermore, "[d]istrict courts have the discretion to impose conditions of supervised release that '(1) [are] reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) involve[ ] no greater deprivation of liberty than is reasonably necessary for

the purposes set forth in § 3553(a); and (3) [are] consistent with any pertinent policy statements issued by the Sentencing Commission.'" United States v. Romig, Criminal No. 00-355(1), 2014 WL 1048390, *1 (D. Minn. 2014), quoting United States v. Kelly, 625 F.3d 516, 519 (8th Cir. 2010) (internal quotation marks omitted); see also 18 U.S.C. § 3583(d).

Furthermore, courts have also noted that while a motion to modify a condition of supervised release under § 3583(e)(2) may be brought at any time prior to the expiration or termination of the term of supervised release, such motions are not generally ripe for adjudication until such time as the enforcement of the conditions is imminent. Romig, Criminal No. *00-355(1),* 2014 WL 1048390, *2 (D. Minn. 2014) (citing United States v. Zimmerman, 481 Fed.Appx. 199, 201 (5th Cir.2012); United States v. Broome, No. 13–678, 2013 WL 1405947, at *1 (D.Minn. Apr. 8, 2013)).

B.  Defendant's Supervised Release Claim

Here, defendant provides no specific information or basis for her claim that this Court failed to correctly administer a term of supervised release. While she now maintains she had no notice regarding supervised release, the record demonstrates the contrary.  As described above, even before her guilty plea defendant was made fully aware of the circumstances regarding a potential supervised release term, and that such a term would be "at least 4 years." DCD 38 at ¶ 4. The PSR reflected those same circumstances. PSR ¶¶ 88 – 89. Moreover, she did not challenge her supervised release conditions or term – or any other aspect of her sentence – by direct appeal.

Defendant's filing appears to be boilerplate pleading which spuriously includes multiple statements which are neither in keeping with the facts of this case generally, nor in keeping with defendant's sentencing proceedings specifically. Defendant's supervised release term was provided by statute, and the standard and conditions imposed were reasonably related to the factors identified at 18 U.S.C. § 3553(a), involve no greater deprivation of liberty than reasonably necessary, are consistent with the policy statements of 3583(d), and were tailored to meet defendant's needs, her history, and the needs of the community. Furthermore, defendant's motion is premature, as the time for enforcement of her supervised release conditions is not imminent. Therefore her motion must be denied.

CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that defendant Ayers' Motion for Modification or Reduction of Sentence Under 18 U.S.C. §§ 3582(c)(2) and 3563(b) (DCD No. 59) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 22, 2016         s/ Richard H. Kyle
                                 RICHARD H. KYLE
                                 United States District Judge